T.C. Memo. 2014-102

UNITED STATES TAX COURT

RICHARD A. CANATELLA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13787-12.                          Filed May 28, 2014.

<u>Richard A. Canatella</u>, pro se.

<u>L. Katrine Shelton</u> and <u>Joseph E. Nagy</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

CHIECHI, <u>Judge</u>:  Respondent determined a deficiency in, an addition un-

der section 6651(a)(1)[1] to, and an accuracy-related penalty under section 6662(a)

---

[1]All section references are to the Internal Revenue Code (Code) in effect for the year at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[*2] on petitioner's Federal income tax (tax) for his taxable year 2007 of $132,005, $6,602.25, and $26,401, respectively.

The issues remaining for decision for petitioner's taxable year 2007 are:[2]

(1) Is petitioner entitled to deduct under section 162(a) certain claimed business expenses in excess of those that respondent conceded?  We hold that he is not.

(2) Is petitioner liable for the addition to tax under section 6651(a)(1)?  We hold that he is.

(3) Is petitioner liable for the accuracy-related penalty under section 6662(a)?  We hold that he is.

FINDINGS OF FACT

Many of the facts have been deemed established pursuant to Rule 91(f).

Petitioner resided in California at the time he filed the petition.

During 2007, petitioner operated a law practice as a sole proprietorship under the name of Cotter & Del Carlo.

---

[2]The parties raised at the trial in this case an issue regarding the amount of the gross receipts of petitioner that must be included in Schedule C, Profit or Loss From Business (Schedule C), for his taxable year 2007.  We need not resolve that issue.  See infra notes 4 and 5.

[*3] During 2007, petitioner maintained, and had signatory authority over, certain bank accounts (petitioner's bank accounts) at U.S. Bank, Countrywide Bank, Citibank, Washington Mutual Bank, and World Savings Bank.

On April 15, 2008, petitioner and Zini Canatella (Ms. Canatella)[3] filed Form 4868, Application for Automatic Extension of Time To File U.S. Individual Income Tax Return, for their taxable year 2007. Respondent granted an extension of time to October 15, 2008, within which petitioner and Ms. Canatella were required to file their tax return for their taxable year 2007 (2007 return). The accountant (petitioner's accountant) who prepared the 2007 return of petitioner and Ms. Canatella signed that return on October 27, 2008. Petitioner and Ms. Canatella signed their 2007 return on October 28, 2008, and filed it with respondent on October 29, 2008.

Petitioner attached to the 2007 return Schedule C, Profit or Loss From Business, for his law practice (2007 Schedule C). In the 2007 Schedule C, petitioner reported gross receipts totaling $441,124 and claimed the following expenses totaling $423,182 (2007 claimed Schedule C expenses):

---

[3]Ms. Canatella is petitioner in the case at docket No. 8821-13.

| [*4] Expense | Amount |
|---|---|
| Advertising | $8,647 |
| Contract labor | 87,345 |
| Depreciation and sec. 179 expense deduction | 8,025 |
| Office expense | 24,326 |
| Rent or lease | 18,000 |
| Repairs and maintenance | 7,275 |
| Travel, meals, and entertainment | 11,792 |
| Other expenses | 257,772 |
| Total | 423,182 |

At a time not established by the record, respondent commenced an examination of petitioner's 2007 return (respondent's examination). As part of that examination, respondent's revenue agent (revenue agent) assigned to that examination asked petitioner to provide him with certain documents pertaining to petitioner's 2007 return. Petitioner did not provide the revenue agent with those documents. Consequently, the revenue agent issued summonses on behalf of respondent (respondent's summonses) to the respective banks at which petitioner maintained petitioner's bank accounts. Pursuant to respondent's summonses, those banks provided the revenue agent with the bank statements for the respective bank accounts that petitioner maintained during 2007 (2007 bank statements).

[*5]   The revenue agent examined the 2007 bank statements and prepared a bank deposits analysis for petitioner's taxable year 2007 on the basis of that examination (respondent's bank deposits analysis).  That bank deposits analysis showed, inter alia, the total amount of deposits into each of petitioner's bank accounts during each month in 2007.  In preparing respondent's bank deposits analysis, the revenue agent attempted to ascertain whether any of the deposits into petitioner's respective bank accounts during 2007 is nontaxable because, for example, a deposit had been made as a result of a transfer of funds from one of petitioner's bank accounts to another of those accounts.  The revenue agent reduced the total deposits during 2007 by (1) all deposits that the revenue agent determined to be nontaxable, (2) all deposits that were attributable to Ms. Canatella's business income that she reported in Schedule C-EZ, Net Profit From Business, that she attached to the 2007 return, (3) all deposits that the revenue agent concluded represented (a) interest income or (b) retirement pension income that petitioner reported in his 2007 return, and (4) the gross receipts totaling $441,124 that petitioner reported in the 2007 Schedule C.  The revenue agent concluded that the balance of the total deposits, i.e., $46,233.31, constituted gross receipts from petitioner's law practice during 2007 that he failed to report in the 2007 Schedule C.

**[\*6]**  Respondent issued to petitioner and Ms. Canatella a notice of deficiency (notice) for their taxable year 2007.  In that notice, respondent determined, inter alia, that petitioner has unreported 2007 Schedule C gross receipts from his law practice of $46,233.31.  In making that determination, respondent relied on respondent's bank deposits analysis that the revenue agent had prepared.  In the notice, respondent further determined to disallow $338,047.76 (disallowed 2007 Schedule C expenses) of the 2007 claimed Schedule C expenses of $423,182.[4]  Respondent also determined in the notice that petitioner and Ms. Canatella are liable for their taxable year 2007 for the addition to tax under section 6651(a)(1) and the accuracy-related penalty under section 6662(a).

## OPINION

Petitioner bears the burden of proving that the determinations in the notice that remain at issue are erroneous.[5]  See Rule 142(a); Welch v. Helvering, 290

---

[4]Respondent concedes on brief that petitioner is entitled to deduct under sec. 162(a) an expense of $87,939.90 that consists of a payment that petitioner made during 2007 from one of petitioner's bank accounts to one of his clients (2007 client amount) and that petitioner had not included in his 2007 claimed Schedule C expenses.

[5]Petitioner maintains that in preparing respondent's bank deposits analysis the revenue agent erroneously failed to reduce the total deposits in petitioner's bank accounts during 2007 by $87,939.90, the 2007 client amount.  According to petitioner, that failure caused respondent to overstate by $87,939.90 the amount of

(continued...)

**[\*7]** U.S. 111, 115 (1933). Moreover, deductions are a matter of legislative grace, and petitioner bears the burden of proving entitlement to any deduction claimed. See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). The Code and the regulations thereunder required petitioner to maintain records sufficient to establish the amount of any deduction claimed. See sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

We turn initially to the disallowed 2007 Schedule C expenses of $338,047.76. It is petitioner's position that he is entitled to deduct those expenses under section 162(a). In support of that position, petitioner relies primarily on (1) certain schedules showing by month and type of expense the total amount that he claims he paid for each type of expense during each month in 2007 in carrying on his law practice (petitioner's summary claimed expense schedules) and (2) a document titled "Profit & Loss Detail" showing by month and type of expense the

---

[5](...continued)
petitioner's 2007 Schedule C gross receipts that respondent determined in the notice. Respondent disagrees. However, as discussed supra note 4, respondent concedes on brief that petitioner is entitled to deduct under sec. 162(a) the 2007 client amount of $87,939.90. The tax result for petitioner in the 2007 Schedule C is the same regardless of whether the amount of his 2007 Schedule C gross receipts is reduced by $87,939.90 or whether he is entitled under sec. 162(a) to deduct the 2007 client amount of $87,939.90. Therefore, we need not resolve the issue of whether the amount of petitioner's 2007 Schedule C gross receipts that respondent determined in the notice is overstated by $87,939.90.

[*8] amount that he claims he paid for each type of expense during each month in 2007 in carrying on his law practice (petitioner's detailed claimed expense schedules). (We shall sometimes refer collectively to petitioner's summary claimed expense schedules and petitioner's detailed claimed expense schedules as petitioner's records.) According to petitioner, petitioner's records are "undisputedly substantiation for [the claimed 2007] Schedule C business expenses".

In an attempt to understand petitioner's position with respect to the dis-allowed 2007 Schedule C expenses of $338,047.76, the Court asked petitioner certain questions while he was testifying at the trial in this case, including the following:

> THE COURT: Okay, let's move on to each of the expenses, and I'll tell you what they are, just in the order in which they were in the statutory notice of deficiency. Meals and entertainment of $2,436, what do you have to tell me in support of your position that that entire amount is deductible?

> THE WITNESS: As far as I'm concerned, every expense is allowable, and if the examiner didn't allow it, it's because he didn't accept cancelled checks, bank statements, and documentation that prove under, I believe, 7491 of the probate -- I mean, of the revenue code that we're entitled to the allowance.

[*9] THE COURT:  So you believe that having a cancelled check or a credit card [statement] entitles you to each of the deductions, is that right?

THE WITNESS:  Yes.

As we understand petitioner's position with respect to the disallowed 2007 Schedule C expenses, petitioner maintains that he is entitled to deduct under section 162(a) any expense that he is able to establish he paid during 2007 (e.g., through canceled checks or credit card statements).  Any such position reflects a misunderstanding, or a disregard, of the requirements of section 162(a).

Section 162(a) generally allows a deduction for ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.[6]  In general, an expense is ordinary if it is considered normal, usual, or customary in the context of the particular business out of which it arose.  See Deputy v. du Pont, 308 U.S. 488, 495 (1940).  Ordinarily, an expense is necessary if it is appropriate and helpful to the operation of the taxpayer's trade or business.  See Commissioner v. Tellier, 383 U.S. 687, 689 (1966); Carbine v. Commissioner, 83 T.C. 356, 363 (1984), aff'd, 777 F.2d 662 (11th Cir. 1985).  The determination of

---

[6]For certain expenses otherwise deductible under sec. 162(a), such as expenses for travel, meals, and entertainment, see sec. 274(d)(1) and (2), and expenses for a cellular telephone that is "listed property", see sec. 280F(d)(4), a taxpayer must also satisfy the substantiation requirements set forth in sec. 274(d) before such expenses will be allowed as deductions.

**[*10]** whether an expenditure satisfies the requirements for deductibility under section 162 is a question of fact. See Commissioner v. Heininger, 320 U.S. 467, 475 (1943).

Respondent does not dispute that petitioner paid most of the expenses shown in petitioner's records. However, as we understand respondent's position, respondent maintains that, except for certain expenses shown in petitioner's records that respondent allowed in the notice, petitioner failed to establish that the expenses shown in petitioner's records that he proved he paid during 2007 are ordinary and necessary expenses that he paid or incurred in carrying on his law practice.

On the record before us, we find that petitioner has failed to carry his burden of establishing through petitioner's records, or otherwise, that any of the disallowed 2007 Schedule C expenses of $338,047.76 is an ordinary and necessary expense that he paid or incurred in carrying on his law practice.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is entitled for his tax-

**[\*11]** able year 2007 to deduct under section 162(a) the disallowed 2007 Schedule C expenses of $338,047.76.[7]

We turn next to the issues presented under sections 6651(a)(1) and 6662(a). Respondent bears the burden of production with respect to any addition to tax or penalty. See sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446-447 (2001). To satisfy respondent's burden of production, respondent must come forward with "sufficient evidence indicating that it is appropriate to impose" the addition to tax or penalty. Higbee v. Commissioner, 116 T.C. at 446. Although respondent bears the burden of production with respect to any addition to tax or penalty, respondent "need not introduce evidence regarding reasonable cause \* \* \* or similar provisions. \* \* \* the taxpayer bears the burden of proof with regard to those issues." Id.

With respect to section 6651(a)(1), that section imposes an addition to tax for failure to file timely a tax return. Respondent granted an extension of time to October 15, 2008, within which petitioner and Ms. Canatella were required to file

---

[7]Assuming arguendo that we had found that petitioner had carried his burden of establishing for his taxable year 2007 his entitlement to deductions under sec. 162(a) for certain of the disallowed 2007 Schedule C expenses subject to sec. 274(d), petitioner would still have to satisfy the requirements of sec. 274(d) with respect to those expenses. On the record before us, we find that petitioner has failed to carry his burden of establishing that he satisfies those requirements.

[*12] their 2007 return.  Petitioner and Ms. Canatella did not file their 2007 return until October 29, 2008.

On the record before us, we find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the addition to tax under section 6651(a)(1) that respondent determined for petitioner's taxable year 2007.

The addition to tax under section 6651(a)(1) does not apply if the failure to file timely is due to reasonable cause, and not due to willful neglect.  See sec. 6651(a)(1).  Petitioner argues that his failure to file timely his 2007 return was due to reasonable cause, and not due to willful neglect, because (1) he relied on petitioner's accountant to prepare his 2007 return and (2) that accountant testified at the trial in this case that he "believe[d] it was timely filed, given our last extension filing deadline."  On the record before us, we reject petitioner's argument.

Petitioner's accountant signed the 2007 return of petitioner and Ms. Canatella on October 27, 2008, and petitioner and Ms. Canatella signed their 2007 return on October 28, 2008.  Those respective signing dates were after October 15, 2008, the date by which petitioner and Ms. Canatella were required to file their 2007 return.

**[\*13]** On the record before us, we find that petitioner has failed to carry his burden of establishing that his failure to file timely his 2007 return was due to reasonable cause, and not due to willful neglect.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for an addition to tax under section 6651(a)(1) for his taxable year 2007.

With respect to section 6662(a), that section imposes an accuracy-related penalty of 20 percent of the underpayment to which section 6662 applies. Section 6662 applies to the portion of any underpayment which is attributable to, inter alia, negligence or disregard of rules or regulations, sec. 6662(b)(1), or a substantial understatement of tax, sec. 6662(b)(2).

The term "negligence" in section 6662(b)(1) includes any failure to make a reasonable attempt to comply with the Code. Sec. 6662(c). Negligence has also been defined as a failure to do what a reasonable person would do under the circumstances. See Leuhsler v. Commissioner, 963 F.2d 907, 910 (6th Cir. 1992), aff'g T.C. Memo. 1991-179; Antonides v. Commissioner, 91 T.C. 686, 699 (1988), aff'd, 893 F.2d 656 (4th Cir. 1990). The term "negligence" also includes any failure by the taxpayer to keep adequate books and records or to substantiate

[*14] items properly.  Sec. 1.6662-3(b)(1), Income Tax Regs.  The term

"disregard" includes any careless, reckless, or intentional disregard.  Sec. 6662(c).

For purposes of section 6662(b)(2), an understatement is equal to the excess

of the amount of tax required to be shown in the tax return over the amount of tax

shown in the return.  Sec. 6662(d)(2)(A).  An understatement is substantial in the

case of an individual if the amount of the understatement for the taxable year ex-

ceeds the greater of 10 percent of the tax required to be shown in the tax return for

that year or $5,000.  Sec. 6662(d)(1)(A).

The accuracy-related penalty under section 6662(a) does not apply to any

portion of an underpayment if it is shown that there was reasonable cause for, and

that the taxpayer acted in good faith with respect to, such portion.  Sec.

6664(c)(1).  The determination of whether the taxpayer acted with reasonable

cause and in good faith depends on all the pertinent facts and circumstances,

including the taxpayer's efforts to assess the taxpayer's proper tax liability, the

knowledge and experience of the taxpayer, and the reliance on the advice of a

professional, such as an accountant.  Sec. 1.6664-4(b)(1), Income Tax Regs.

Reliance on the advice of a professional may demonstrate reasonable cause

and good faith if, under all the circumstances, such reliance was reasonable and

the taxpayer acted in good faith.  Id.  In this connection, a taxpayer must demon-

**[*15]** strate that the taxpayer's reliance on the advice of a professional concerning substantive tax law was objectively reasonable. See Goldman v. Commissioner, 39 F.3d 402, 408 (2d Cir. 1994), aff'g T.C. Memo. 1993-480. A taxpayer's reliance on the advice of a professional will be objectively reasonable only if the taxpayer has provided necessary and accurate information to the professional. See Neonatology Assocs., P.A. v. Commissioner, 115 T.C. 43, 99 (2000), aff'd, 299 F.3d 221 (3d Cir. 2002); see also Ma-Tran Corp. v. Commissioner, 70 T.C. 158, 173 (1978).

Respondent argues that petitioner is liable for the accuracy-related penalty under section 6662(a) because of a substantial understatement of tax under section 6662(b)(2) and petitioner's negligence or disregard of rules or regulations under section 6662(b)(1).

On the record before us, we find that petitioner failed to substantiate under section 162(a) the disallowed 2007 Schedule C expenses. On that record, we further find that respondent has satisfied respondent's burden of production under section 7491(c) with respect to the accuracy-related penalty under section 6662(a).

It is petitioner's position that under section 6664(c)(1) he had reasonable cause for, and acted in good faith with respect to, the underpayment for his taxable year 2007 because "petitioner relied upon * * * a competent tax advisor [i.e.,

[*16] petitioner's accountant] and operated under an objective disability since petitioner had no understanding of tax penalties or the bona fides of business deductions."

Petitioner's accountant testified at the trial in this case that in preparing petitioner's 2007 return he relied on information contained in certain handwritten summary schedules that petitioner had provided to him. Petitioner's accountant did not testify that he gave petitioner any advice with respect to his preparation of petitioner's 2007 return.

On the record before us, we find that petitioner has failed to carry his burden of establishing that there was reasonable cause for, and that he acted in good faith with respect to, the underpayment for his taxable year 2007.

Based upon our examination of the entire record before us, we find that petitioner has failed to carry his burden of establishing that he is not liable for his taxable year 2007 for the accuracy-related penalty under section 6662(a).

We have considered all of the contentions and arguments of the parties that are not discussed herein, and we find them to be without merit, irrelevant, and/or moot.

**[\*17]** To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered under</u>

<u>Rule 155</u>.